UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY         :
COMMISSION,                          :
                                     :    Civil Action No.
           Plaintiff,                :
                                     :
      v.                             :    COMPLAINT
                                     :    AND JURY TRIAL DEMAND
VONAGE AMERICA, INC. &               :
VONAGE HOLDINGS CORP.,               :
                                     :
           Defendants.               :
-------------------------------------------------------------x

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Mikhail Rozenberg, who was affected by discrimination in the workplace. As alleged with greater particularity below, Vonage America, Inc. and Vonage Holdings Corp. ("Defendants") subjected Rozenberg to discrimination on the basis of his religion (Orthodox Judaism) by refusing to accommodate his religion in training sessions and work shifts and then terminated him because of his religion.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Jersey.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706 (f)(1) and (3) of Title VII, 42 U.S.C. §§2000e - 5 (f)(1) and (3).

4. At all relevant times, Defendants have been Delaware corporations doing business in the State of New Jersey, and have continuously had at least 15 employees.

5. At all relevant times, Defendants have continuously engaged in an industry affecting commerce within the meaning of Sections 701 (b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

6. At all relevant times, Defendants employed Rozenberg.

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Rozenberg filed a charge with the Commission alleging violations of Title VII based on conduct by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Rozenberg is Orthodox Jewish.

9. Rozenberg was hired by Defendants on September 19, 2005, into the position of Technical Service Agent. After hiring him, Defendants denied Rozenberg a reasonable accommodation, with regard to their training and other shift schedules and subsequently terminated Rozenberg because of his religion, Orthodox Judaism, as outlined below:

    A. At the time Defendants hired Rozenberg, Defendants were aware that he was a practicing Orthodox Jew and needed to work shifts that did not conflict with his religious practices. Particularly, Rozenberg indicated that he could work shifts that would allow him to

observe the Sabbath, and thus he would not be able to work on Friday evenings and on Saturdays.

B. Defendants required that Rozenberg undergo a six week training program and claimed Rozenberg was not allowed to participate in the training sessions if he missed any days for religious reasons. Rozenberg was thus unable to attend the first set of sessions without absences because of his observance of the Jewish holidays in September and October 2005.

C. Defendants then scheduled Rozenberg for a second training program which also conflicted with Jewish holidays in October 2005. Rozenberg requested to participate in this training and informed Defendants that he would only miss two days of training for the Jewish holidays, but again Defendants refused to accommodate him.

D. Rozenberg again tried to reschedule the training session following the Jewish holidays. Despite the availability of sessions that did not conflict with his religious observances, Defendants did not allow Rozenberg to participate in these training sessions.

E. Defendants also failed to offer Rozenberg other positions for which he was qualified which were available in the Fall and Winter of 2005.

F. In December 2005, Defendants informed Rozenberg that the only positions then available required him to work on Saturdays and thus, he would not be allowed a schedule that would permit him to observe his religion on the Sabbath.

G. Defendants' management representative told Rozenberg, "you will not fit here" and that when he stopped practicing his religion he could come back.

H. Defendants terminated Rozenberg because of his religion.

10. Defendants also engaged in disparate treatment under Title VII based on Rozenberg's religion in that Defendants told him he was not allowed to miss any days during the training sessions, even though Defendants permitted other employees to be absent during training sessions if they provided proper documentation.

11. The effect of the practices complained of above has been to deprive Rozenberg of equal employment opportunities and otherwise adversely affect his status as an employee because of his religion, and to inflict emotional pain, suffering, loss of enjoyment of life, embarrassment, humiliation, and inconvenience upon him.

12. The unlawful employment practices complained of above were intentional.

13. The unlawful employment practices complained of above were done with malice or with reckless indifference to Rozenberg's federally protected rights.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of religion.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal opportunities and accommodations for employees with religious needs and which eradicate the effects of their unlawful employment practices.

C. Order Defendants to make Rozenberg whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to front pay and reinstatement.

  D. Order Defendants to make Rozenberg whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described above, including but not limited to job search expenses and contributions to pension and health insurance funds, in amounts to be determined at trial.

  E. Order Defendants to make Rozenberg whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain, suffering, loss of enjoyment of life, humiliation, and inconvenience in amounts to be determined at trial.

  F. Order Defendants to pay Rozenberg punitive damages for their malicious and reckless conduct described above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: <u>June 26, 2007</u>
   Newark, New Jersey

            Respectfully submitted,

            Ronald S. Cooper
            General Counsel
            James L. Lee
            Deputy General Counsel
            Gwendolyn Y. Reams
            Associate General Counsel
            EQUAL EMPLOYMENT OPPORTUNITY
            COMMISSION
            1801 L Street, N.W.
            Washington, D.C.  20507

<u>s/ Elizabeth Grossman</u>
Elizabeth Grossman
Regional Attorney

<u>s/ Judy Keenan</u>
Judy Keenan
Supervisory Trial Attorney

<u>s/ Sunu P. Chandy</u>
Sunu P. Chandy
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall St., 5th Floor
New York, NY 10004-2112
Telephone No.: 212-336-3706
Facsimile No.: 212-336-3623
Email: sunu.chandy@eeoc.gov

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States Equal Employment Opportunity Commission (EEOC)

### DEFENDANTS
Vonage America, Inc. & Vonage Holdings Corp.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Monmouth
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Sunu P. Chandy, US EEOC, 33 Whitehall Street, 5th Fl., NY, NY 10004
212-336-3706

Attorneys (If Known)
Vito Carnevale, Vonage, 23 Main Street, Holmdel, NJ 07733
732-218-7867

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII of the 1964 Civil Rights Act - 42 U.S.C. 2000e-5 and e-6, and 1991 Civil Rights Act, 42 U.S.C. 1981a

Brief description of cause:
Religious discrimination (Judaism)-failure to accommodate religious observances; termination based on religion.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE N/A
DOCKET NUMBER _____

DATE 06/26/2007

SIGNATURE OF ATTORNEY OF RECORD
SCHANDY
Digitally signed by SCHANDY
DN: cn=SCHANDY
Date: 2007.06.22 14:38:29 -04'00'

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of    New Jersey

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

V.

VONAGE AMERICA, INC. &  VONAGE
HOLDINGS CORP.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

TO: (Name and address of Defendant)

Vonage America, Inc.
Attn. Vito Carnevale
23 Main Street
Holmdel, NJ 07733

Vonage Holdings Corp.
Attn: Chief Legal Officer
23 Main Street
Holmdel, NJ  07733

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Sunu P. Chandy
Senior Trial Attorney
US EEOC
33 Whitehall Street, 5th Floor
New York, New York 10004

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____     6/26/2007
CLERK                                DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me⁽¹⁾ | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

　Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

**DECLARATION OF SERVER**

　I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
　　　　　　　　Date　　　　　　　　　　　*Signature of Server*

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.